# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Arthur M. Reardon<br>and<br>Jillayne Reardon,<br><br>           Debtors | Chapter 13<br>Case No. 24-10090 |

## ORDER DENYING MOTION TO
## ENFORCE AUTOMATIC STAY AND VOID IRS LIEN

On July 25, 2025, the Court received by mail and docketed a motion from Suman K. Korrapati [Dkt. No. 91].[1]  The motion appears to relate to a notice filed in this case about a month earlier by the United States of America on behalf of the Internal Revenue Service [Dkt. No. 87].  That notice identifies two properties in Maine—one in Howland and one in Plymouth—that appear to have been titled solely in Mr. Korrapati's name a few years before this case began.  The notice reports recent activity by the IRS related to its belief that those properties are subject to federal tax liens against properties of Arthur M. Reardon, who is one of the debtors here.  The debtors have not disclosed a direct interest in either property in this case.

Mr. Korrapati is not represented by counsel here.  He has not previously participated in this case.  He is not among the entities who have filed claims or who are listed on the debtors' schedules, and he makes no argument that he is a creditor here.  *See* 11 U.S.C. § 101(10).

In his motion, Mr. Korrapati references the IRS's recent activity and describes it as "the IRS [having] recorded liens . . . in direct violation of the automatic stay under 11 U.S.C. § 362(a)"

---

[1] The motion appears to have been signed by "K. Suman Krishna" rather than "Suman K. Korrapati"— that is, the typed version (along with "Mr. Korrapati") of the movant's name in the motion.  The Court refers to the movant as "Mr. Korrapati" throughout this Order.

1

and, potentially, in violation of "the co-debtor stay under 11 U.S.C. § 1301." *See* Motion ¶¶ 3, 8. Among other requests, Mr. Korrapati asks the Court to "[e]nforce the automatic stay" and to "[v]oid any IRS liens recorded against property owned by Mr. Korrapati[.]" He seeks such relief on an emergency basis, contending that "[t]hese liens are interfering with a pending real estate transaction involving the Howland property, causing imminent harm." *See* Motion ¶¶ 9, D. Mr. Korrapati does not further describe the liens, transaction, property, or harm. For reasons noted below, Mr. Korrapati's motion is denied.

In short, there is no apparent legal basis for granting relief to Mr. Korrapati here. The automatic stay under section 362(a) protects debtors. Mr. Korrapati himself notes that he "is not a debtor in this case[,]" Motion ¶ 2, and identifies no case in which he is a debtor. So, protections for debtors do not apply to him directly. The automatic stay under section 362(a) also protects "property of the estate," *see* 11 U.S.C. §§ 541, 1306. And, in limited circumstances, section 362(a) protects a debtor's spouse. Mr. Korrapati makes no attempt to show how the section 362(a) protections could apply to him or to property in which only he claims an interest. Likewise, Mr. Korrapati makes no attempt to show how the stay under section 1301, which protects certain co-obligors on a debtor's "consumer debt," could apply here. *See* 11 U.S.C. §§ 101(8), 1301(a). Even construing his motion liberally, the Court sees no obvious way in which the protections in sections 362(a) or 1301 could apply to Mr. Korrapati—or otherwise entitle him to the relief that he seeks.[2]

---

[2] If Mr. Korrapati is attempting to invoke section 362(k), he has alleged no facts to show, for example, that he would qualify as an "individual"—as that undefined term has been interpreted by the courts—who arguably could be permitted to invoke that section. *See, e.g.*, Lee v. McCardle (In re Peeples), 880 F.3d 1207, 1213-16 (10th Cir. 2018) (discussing the "zone of interest" covered by § 362(k), as well as that covered by § 362(a)); In re Ampal-American Israel Corp., 502 B.R. 361, 368-73 (Bankr. S.D.N.Y. 2013) (collecting decisions on eligibility to pursue claims under § 362(k) (formerly § 362(h))).

Accordingly, Mr. Korrapati's motion—seeking relief based on alleged violations of sections 362(a) and 1301—is denied. In denying the motion, the Court makes no determination about the IRS's activity because no such determination is necessary for ruling here. The Court also makes no determination about whether Mr. Korrapati could be eligible to pursue relief elsewhere, including as suggested by the United States in its above-discussed notice.[3]

Dated:    August 4, 2025

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[3] If Mr. Korrapati asks a court for relief in the future, he may be required to provide the address at which he "resides in Texas," as referenced in his motion, including in connection with any further request to participate remotely in a court's proceedings. That is, Mr. Korrapati may not be allowed to provide, as he did here, only a mailing address at a post office box in Maine—particularly one to which he may lack reliable access.